An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA11-1197-2

NORTH CAROLINA COURT OF APPEALS

Filed: 18 March 2014

STATE OF NORTH CAROLINA

    v.                                       Nash County
                                         No. 09 CRS 51601

GLENN EDWARD WHITTINGTON


Appeal by Defendant from judgment entered 7 April 2011 by Judge Quentin T. Sumner in Superior Court, Nash County. Heard originally in the Court of Appeals 6 March 2012, and opinion filed 19 June 2012. Remanded to the Court of Appeals for consideration of remaining issues by judgment and opinion rendered by the North Carolina Supreme Court on 24 January 2014.

> *Attorney General Roy Cooper, by Assistant Attorney General Kimberly N. Callahan, for the State.*

> *Currin & Currin, by George B. Currin, for Defendant.*


McGEE, Judge.


Glenn Edward Whittington ("Defendant") was indicted on three counts of trafficking in opium on 11 May 2009: Count I, trafficking in opium by sale; Count II, trafficking in opium by delivery; and Count III, trafficking in opium by possession.

Defendant appealed and this Court vacated the convictions on Counts I and II, and ordered a new trial on Count III. *State v. Whittington*, __ N.C. App. __, __, 728 S.E.2d 385, 388–90 (2012) ("*Whittington I*"). The basis for granting a new trial on Count III was this Court's holding that the State had failed in its burden of showing that Defendant had waived his constitutional right to confront the analyst who prepared the lab report introduced as evidence at trial to show that the substance Defendant possessed was an opium derivative as defined in N.C. Gen. Stat. § 90–95. *Whittington I*, __ N.C. App. at __, 728 S.E.2d at 388–90. Our Supreme Court granted the State's petition for discretionary review challenging this Court's reversal and remand for a new trial on Count III. *State v. Whittington*, __ N.C. __, 753 S.E.2d 320 (2014) ("*Whittington II*"). The Supreme Court reversed this Court's decision on Count III, trafficking by possession, holding that Defendant had not preserved that argument for appellate review. *Id*. at __, 753 S.E.2d at 325. *Whittington II* left unchanged this Court's holdings in *Whittington I* vacating the convictions for Counts I and II. *Id*. Our Supreme Court remanded the case for consideration by this Court of Defendant's remaining arguments. *Id*. Because the convictions for Counts I and II have been vacated, we address the remaining arguments only as they pertain

to Count III. Additional relevant facts can be found in *Whittington I* and *Whittington II*.

In Defendant's third argument, he contends the trial court erred in denying his motion to dismiss the trafficking by possession charge in violation of N.C. Gen. Stat. § 90-95(h)(4) (2013), which states in part: "Any person who . . . possesses four grams or more of opium or opiate, or any . . . derivative . . . of opium or opiate . . . shall be guilty of a felony which felony shall be known as "trafficking in opium or heroin[,]" because there was a fatal variance between the offense charged in the indictment and the evidence presented at trial. We disagree.

Specifically, Defendant contends that, because the indictment charged Defendant with possessing "4 grams but less than 14 grams of Opium, a controlled substance[,]" but the evidence at trial was that Defendant possessed Oxycondone, an opium derivative, there existed a fatal variance between the indictment and the evidence presented at trial. This Court rejected the same argument in *State v. Davis*, __ N.C. App. __, 733 S.E.2d 191 (2012), where we held that "the plain language of [N.C. Gen. Stat. § 90-95(h)(4)] does not create a separate crime of possession . . . of an opium derivative, but rather specifies that possession . . . of an opium derivative *is trafficking in*

*opium* or heroin, precisely as alleged in the indictment. Based on the statutory language, defendant has shown no fatal variance between the indictment and the evidence." *Davis*, __ N.C. App. at __, 733 S.E.2d at 193 (emphasis added). Defendant's argument is without merit.

In Defendant's fourth argument, he contends the trial court erred in instructing the jury that "they could find Defendant guilty of trafficking in opium if they found he . . . 'knowingly possessed' an opium derivative, on the grounds that the indictment did not allege that Defendant had trafficked in an 'opium derivative,' but rather only opium." We again disagree.

Because we hold there was no fatal variance between the indictment and the evidence presented at trial, we further hold that the trial court did not err in using the "opium derivative" language in instructing the jury. Defendant's argument is without merit.

Therefore, the ultimate outcome of *Whittington I*, *Whittington II*, and the present opinion is: (1) Defendant's convictions on Counts I and II are vacated and, (2) no error in Defendant's conviction on Count III.

Vacated in part, no error in part.

Judges GEER and McCULLOUGH concur.

Report per Rule 30(e).